IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ATUL NANDA, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:20-cv-00218-L (BT) |
| § | |
| PAUL YANDERWITCH et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Atul Nanda, a federal prisoner, filed this *pro se* complaint for alleged violations of his constitutional rights. The Court construes the complaint to assert claims under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971).[1] Nanda paid the filing fee, and the Court withheld issuance of process pending judicial screening. For the following reasons, the Court should dismiss the complaint.

---

[1] Nanda cites 42 U.S.C. § 1983 as a basis for jurisdiction. A complaint raising constitutional violations against federal actors, however, is properly brought as a *Bivens* action. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (stating *Bivens* provides a remedy for victims of constitutional violations by federal officials in their individual capacities). He also states his complaint is a tort action, although he does not cite the Federal Tort Claim Act (FTCA). The Court does not construe the complaint as raising an FTCA claim because Nanda failed to allege he exhausted his administrative remedies. The Court would therefore lack jurisdiction to consider an FTCA claim. *See Price v. United States*, 69 F.3d 46, 54 (1995) (finding exhaustion of administrative remedies is jurisdictional and the requirement cannot be waived).

1

I.

Nanda brings this action against Assistant United States Attorneys Paul Yanowitch, Brandon Christopher Jaroch, Chad E. Meachum, Cynthia Dawn Goodman, Danial Gividen, Joseph Andrew Magliolo, Melissa Childs, and Suzanna O. Etessam. He argues Defendants failed to establish that the court had subject matter jurisdiction over his criminal case in *United States v. Nanda*, 3:13-cr-065-M (N.D. Tex.). In that case, a jury found Nanda guilty of conspiracy to commit visa fraud, conspiracy to harbor illegal aliens, and two counts of aiding and abetting. On June 2, 2016, the district court sentenced him to a total of 87 months' imprisonment. His request for relief in this case is unclear. He states Defendants "must prove and provide documented evidence on the official record that they and/or the Court in the above mentioned Cause had lawful jurisdiction over the Living Man/Secured Party Atul:Nanda®." (ECF No. 7 at 21.)

II.

Nanda's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

### III.

A.  Nanda's claims are barred by prosecutorial immunity.

Nanda sues the prosecutors involved in his criminal case. Prosecutors, however, have absolute immunity for actions taken within the scope of their jurisdiction. *See Imber v. Pachtman*, 424 U.S. 409, 427 (1976). "Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution." *Howard v. Taylor*, 62 F.3d 394 at \*1 (5th Cir. 1995) (per curiam) (citing *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980)). Although Nanda claims he is a "'stateless person' and outside any/all general jurisdiction of the federal government," (ECF No. 7 at 6), this claim is frivolous. Nanda's claims against Defendants should be dismissed because they are barred by prosecutorial immunity.

B.  Nanda's claims are barred under *Heck v. Humphrey*.

Nanda's claims are also barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted). Nanda claims Defendants failed to establish jurisdiction in his criminal case. This claim necessarily implies the invalidity of his conviction. Nanda, however, has failed to show his conviction has been reversed or otherwise declared invalid. His claims should therefore be dismissed with prejudice until he can show he satisfies the conditions set forth in *Heck*. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam) (stating dismissal should be with prejudice until *Heck* conditions are met).

IV.

The Court recommends that the complaint be dismissed with prejudice under 28 U.S.C. § 1915A and *Heck v. Humphrey*, 512 U.S. 477 (1994).

Signed March 26, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).